**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LEAFFILTER NORTH, LLC                                                    PLAINTIFF

v.                                          Case No. 4:26-cv-78

PAUL ALEXANDER                                                         DEFENDANTS
ROBERTSON
& RAIN DRAIN GUTTER
SOLUTIONS, LLC

## CONSENT JUDGMENT ENTRY AND ORDER

Plaintiff LeafFilter North, LLC ("LeafFilter") filed this action alleging breach of contract (misuse of confidential information, violation of non-competition obligations, and violation of non-solicitation obligations), violation of the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq. ("DTSA"), violation of the Arkansas Uniform Trade Secrets Act, Ark. Code Ann. § 4-75-601, et seq. ("AUTSA"), common law misuse of confidential business information, two counts of violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) (false advertising and false designation of origin), breach of the duty of loyalty, conversion, tortious interference, and unjust enrichment. LeafFilter also sought injunctive relief.

LeafFilter and Defendant Paul Alexander Robertson ("Mr. Robertson") wish to resolve LeafFitler's claims for injunctive relief against Mr. Robertson, while dismissing without prejudice all of their other claims for relief in this action against Mr. Robertson and Defendant Rain Drain Gutter Solutions, LLC ("Rain Drain"). The parties recognize that this Consent Judgment has been negotiated in good faith and that it represents a fair, reasonable, and just resolution. Based upon the facts and matters before this Court, and with the consent of the parties to this Consent Judgment, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

## RECITALS

**WHEREAS,** Mr. Robertson wishes to resolve the claims for injunctive relief against him in this action and hereby consents to entry of this Consent Judgment in the above-captioned case against him;

**WHEREAS,** this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1331 (federal question jurisdiction under the DTSA and the Lanham Act), as well as supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a);

**WHEREAS,** venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in the Eastern District of Arkansas;

1

**WHEREAS**, the Court has personal jurisdiction over the parties;

**WHEREAS**, entry of this Consent Final Judgment will resolve LeafFilter's claims for injunctive relief against Mr. Robertson;

**WHEREAS**, the parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure;

**WHEREAS**, the Court shall retain jurisdiction over this matter for the purpose of implementing and enforcing this Consent Judgment; and

**WHEREAS**, Mr. Robertson acknowledges that he has read this Consent Judgment, understands its terms, and has had the opportunity to seek the advice of legal counsel regarding this Consent Judgment and has voluntarily chosen not to do so.

## FACTUAL BACKGROUND

1.      Mr. Robertson was employed by LeafFilter as an Installation Manager in LeafFilter's Little Rock, Arkansas office from approximately July 23, 2021, to October 15, 2025. In that role, Mr. Robertson had access to LeafFilter's proprietary and confidential Lead Information and Pricing Information (collectively, "Confidential Information").

2.      Upon his employment on July 23, 2021, Mr. Robertson executed a Non-Competition, Confidentiality and Arbitration Agreement (the "Non-Competition Agreement"), which, among other things, prohibited Mr. Robertson from: (a) using LeafFilter's Confidential Materials and Information for his own benefit or for the benefit of anyone other than LeafFilter; (b) competing with LeafFilter during employment and for a period of one year thereafter; and (c) soliciting or engaging the services of LeafFilter employees during employment and for a period of one year thereafter.

## LEGAL BASIS FOR INJUNCTIVE RELIEF

3.      The DTSA allows plaintiffs to obtain injunctive relief to prevent future misappropriation of a trade secret. 18 U.S.C. § 1836(b)(3)(A).

4.      The AUTSA also allows plaintiffs to obtain injunctive relief to prevent future misappropriation of a trade secret. Ark. Code Ann. § 4-75-606.

5.      Injunctive relief is available under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), for false advertising and false designation of origin claims.

6.      Injunctive relief is also available for the remaining state law claims, including tortious interference with contract and business expectancy and conversion.

2

**RELIEF**

7.    Mr. Robertson agrees that he will not and he shall not compete with LeafFilter in any region in which LeafFilter does business for a period of one (1) year after the date this Consent Judgment is entered. This non-competition obligation includes the following obligations:

   a.    Mr. Robertson shall not directly or indirectly, independently or as an employee, partner, consultant, agent, proprietor, or in any other capacity, participate in, engage in, or assist any person or entity engaged in the gutter repair, replacement, or protection business.

   b.    Mr. Robertson shall not directly or indirectly contact or solicit, or perform work for, any business or individual who continues to be or had been a customer of LeafFilter for the purpose of providing services in competition with LeafFilter.

   c.    Mr. Robertson shall not directly or indirectly, for the purpose of providing services in competition with LeafFilter, employ, engage, or contract in any manner for the services of, or solicit the services of, any person who was an employee of LeafFilter during Mr. Robertson's employment with LeafFilter or who is employed by LeafFilter at any time during the one-year period following entry of this Consent Judgment.

   d.    Mr. Robertson shall not engage in any conduct that does, or could reasonably be expected to, damage the relationship between LeafFilter and any current or prospective customer that was or reasonably should have been known to Mr. Robertson during his employment with LeafFilter.

**ENFORCEMENT**

8.    This Consent Judgment is effective immediately upon entry by the Court. The non-competition obligations set forth in Paragraph 7 shall be effective for a period of one (1) year from the date of entry of this Consent Judgment.

9.    This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Consent Judgment and any additional orders necessary and appropriate for enforcement.

10.    LeafFilter may engage in post-judgment discovery to monitor Mr. Robertson's compliance with this Consent Judgment.

**ATTORNEYS' FEES AND COSTS**

11.    Each party shall bear its own fees and other expenses incurred in connection with any stage of this proceeding, including but not limited to attorneys' fees, expert witness fees, deposition costs, and other reasonable costs and expenses related to the litigation.

Docusign Envelope ID: A079126A-B881-4F88-A66D-13339172ABAA

## DISMISSAL OF REMAINING CLAIMS

12.     LeafFilter shall dismiss all claims against Rain Drain and all claims for damages or other monetary relief against Mr. Robertson without prejudice.  Dismissal of these claims without prejudice shall not affect Mr. Robertson's continuing obligations under this Consent Judgment.

**IT IS SO ORDERED.**

This *9th* Day of *April* 2026.

_____

Honorable Judge D.P. Marshall
United States District Court Judge


APPROVED AS TO FORM AND CONTENT:

/s/ _____

Andrew J. Jarzyna *(admitted pro hac vice)*
Illinois Bar No. 6254637
*Attorney for LeafFilter North, LLC*

BENESCH, FRIEDLANDER, COPLAN &
ARNOFF,LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
ajarzyna@beneschlaw.com

Dated: 4/1/2026 _____

/s/ R. Ryan Younger _____

R. Ryan Younger (2008209)
Glenn Larkin (2020149)
*Attorneys for LeafFilter North, LLC*

QUATTLEBAUM GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
ryounger@qgtlaw.com
glarkin@qgtlaw.com

Dated: 4/1/2026 _____


/s/ PAUL ROBERTSON _____

Paul Alexander Robertson *(pro se)*
Dated: 3/31/2026 _____

4